UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMON JORDAN SR.,

    Plaintiff,

v.

INDIANA STATE PRISON, STATHAM, CONLEY, WHEELER,

    Defendants.

CAUSE NO. 3:18-CV-906-DRL-MGG

OPINION & ORDER

Plaintiff Freemon Jordan Sr. is incarcerated at the Indiana State Prison. He filed a *pro se* amended complaint against three prison officers. "A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."

Mr. Jordan alleges that he was in segregation wanting to speak with Sergeant Statham. Unable to get him, he tied a bedsheet around his neck "for shock value." Sergeant Statham and Officer Wheeler then came to his cell and told him to take off the sheet. He says he complied and told them he wasn't suicidal; he just wanted some cleaners to clean his cell. Mr. Jordan states that Officer Wheeler sprayed him with mace and kept spraying him though Mr. Jordan was completely passive. Mr. Jordan asked why he kept spraying him, and Officer Wheeler answered that he was following Sergeant Statham's orders. When asked to cuff up, Mr. Jordan told the officers he couldn't see at which point Sergeant Statham directed another officer to get more mace and spray him again.

These allegations state a claim under the Eighth Amendment to the United States Constitution. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Jordan the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim against Sergeant Statham and Officer Wheeler who allegedly sprayed him with mace repeatedly without provocation.

After being sprayed with mace, Mr. Jordan was taken to the infirmary where he was "thrown into shower by Lt. Connely." After the shower, Lieutenant Connely told him he needed to get an x-ray to check for injuries because Mr. Jordan claimed to have been raped earlier by other inmates. Following the x-ray, he was placed in a suicide-watch cell, during which time his personal items were stolen from his segregation cell. He says the theft was "perpetrated by Lt. Connelly in retaliation for back-and-forth verbal spars between [them] during [his] hospital trip."

These allegations don't state a claim against Lieutenant Connelly. Although Mr. Jordan says he was "thrown" into the shower by Lieutenant Connelly, there is nothing to suggest more than a figure of speech. Next, Lieutenant Connelly cannot be held liable for telling Mr. Jordan that he needed an x-ray to ascertain if he had any injuries as a result of being raped. Last, Mr. Jordan's larceny claims don't belong in this court. Indiana's Tort Claims Act, Indiana Code § 34-3-31 *et seq.*, and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a

person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Finally, Mr. Jordan names Indiana State Prison as a defendant, but a prison is a building that cannot be sued. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (listing the Knox County Jail, plaintiff named a non-suable entity).

For these reasons, the court:

(1) GRANTS Freemon Jordan Sr. leave to proceed on claims for money damages against Officer Wheeler and Sgt. Statham, in their individual capacities, for allegedly violating his rights under the Eight Amendment by repeatedly spraying him with mace on June 6, 2018, without any provocation;

(2) DISMISSES defendants Lt. Connely and Indiana State Prison;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer Wheeler and Sgt. Statham with a copy of this order and the amended complaint (ECF 24), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, if it has such information;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Wheeler and Sgt. Statham to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Jordan has been granted leave to proceed in this screening order.

SO ORDERED.

August 24, 2020 *s/ Damon R. Leichty*
Judge, United States District Court