UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMON JORDAN, SR.,

    Plaintiff,

v.                                   CAUSE NO. 3:18-CV-906-DRL-MGG

STATHAM *et al.*,

    Defendants.

## OPINION AND ORDER

Freemon Jordan, Sr., a prisoner without a lawyer, is proceeding in this case "against Officer Wheeler and Sgt. Statham, in their individual capacities, for allegedly violating his rights under the Eight[h] Amendment by repeatedly spraying him with mace on June 6, 2018, without any provocation." ECF 25 at 3. On December 11, 2020, the defendants filed a summary judgment motion arguing that Mr. Jordan did not exhaust his administrative remedies before filing suit. ECF 33. The defendants provided Mr. Jordan the notice required by N.D. Ind. L.R. 56-1(f). ECF 35. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Because the motion was served by mail, Fed. R. Civ. P. 6(d) provided Mr. Jordan an additional three days. Therefore, the deadline for filing a response was January 11, 2020.

The deadline passed over four months ago, but Mr. Jordan has not responded. Therefore the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Jordan has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

1. At all times relevant to his complaint, Plaintiff was housed at Indiana State Prison. [ECF 24].

2. According to the complaint, the Defendants ordered him to remove the sheet from around his neck and sprayed him with O.C. spray when he did not comply. [ECF 24; ECF 25 at 2].

9. At all times relevant to the complaint, ISP had a grievance program according to IDOC policy. [ECF 33-1 at ¶ 6].

10. The grievance procedure in place at all times relevant to Plaintiff's complaint is entitled Offender Grievance Process, Policy and Procedure 00-02-301 ("Offender Grievance Process"). The Offender Grievance Process was in effect from October 1, 2017 through April 1, 2020. [ECF 33-1 at ¶ 9; ECF 33-2].

11. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit. [ECF 33-1 at ¶ 10; ECF 33-2 at 3]. The three steps are as follows:

(1) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions;

(2) a written appeal to the Warden or his designee; and

(3) a written appeal to the Department Grievance Manager.

[ECF 33-1 at ¶ 10; ECF 33-2 at 3].

12. Successful exhaustion of the Offender Grievance Process requires an offender to timely complete all three steps. [ECF 33-1 at ¶ 10; ECF 33-2 at 3].

13. Offenders are made aware of the Offender Grievance Process during orientation and have continual access to the policy in the facility law library. [ECF 33-1 at ¶ 11].

14. Any grievances an offender may have concerning the "actions of individual staff" or "any other concerns relating to the conditions of care or supervision within the Department," can and must be grieved according to the procedures in the Offender Grievance Process. [ECF 33-1 at ¶ 13; ECF 33-2 at 3].

15. Because Plaintiff's claims against Defendants concern the "actions of individual staff" or other concerns regarding his care or supervision while at ISP, Plaintiff was required to grieve his claims in accordance with the Offender Grievance Process. [ECF 24; ECF 33-1 at ¶ 13; ECF 33-2 at 3].

16. Each properly submitted Offender Grievance received at ISP is logged electronically, as outlined in the Offender Grievance Process. [ECF 33-1 at ¶ 19; ECF 33-2 at 10].

17. Plaintiff's History of Grievances indicates that he has successfully filed . . . grievances in the past. [ECF 33-3]. Plaintiff's most recent logged grievance was in May of 2018. [ECF 33-3].

18. However, Plaintiff failed to successfully file a formal grievance regarding his allegations that the Defendants used excessive force when they sprayed him with O.C. Spray on June 6, 2018. [ECF 33-3].

19. Throughout the month of June 2018, Plaintiff submitted multiple grievance forms. [ECF 33-4].

3

> 20. These June 2018 grievances concerned various topics, including Plaintiff's missing property, an alleged sexual assault by another offender, allegations of false disciplinary proceedings, and other issues with the facility. [ECF 33-4]. However, none of these June 2018 grievances concerned the use of excessive force by the Defendants. [ECF 33-4].
>
> 21. All Offender Grievance Forms submitted by Plaintiff in June 2018 were rejected and returned to him as they did not conform with the requirements of the Offender Grievance Process. [ECF 33-4]. Specifically, these grievances were returned to Plaintiff because he did not first attempt to informally grieve his issues as required by the Offender Grievance Process. [ECF 33-2 at 3; ECF 33-4].
>
> 22. Despite failing to properly complete all the steps outlined in the Offender Grievance Process, Plaintiff proceeded to file his original complaint on November 7, 2018. [ECF 1].

ECF 34 at 2-4 (paragraph numbering and brackets in original).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the undisputed facts show the claims raised in this lawsuit were grievable, and that Mr. Jordan did not file any formal grievances about the issues. As a result,

4

Mr. Jordan did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 33);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Mr. Jordan.

SO ORDERED.

June 7, 2021 *s/ Damon R. Leichty*
Judge, United States District Court